```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
_____

THOMAS FIELDS,

                            Plaintiff,                  9:24-CV-1292
                                                                 (MAD/DJS)
        v.

JANE DOE, Sergeant, Coxsackie Correctional
Facility, et al.,

                            Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

THOMAS FIELDS
Plaintiff, pro se
10-A-2057
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MAE A. D'AGOSTINO
United States District Judge

# DECISION AND ORDER

## I. INTRODUCTION

      On October 22, 2024, pro se plaintiff Thomas Fields ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").  With the complaint, plaintiff filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2.

      In a Decision and Order filed on November 15, 2024 (the "November 2024 Order"), the Court granted plaintiff's IFP application and reviewed the complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Dkt. No. 5.  The Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id.*

Plaintiff's amended complaint is now before the Court for review.  Dkt. No. 11 ("Am. Compl.").

## II. SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the November 2024 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 5 at 2-4.

### B. Summary of Amended Complaint[1]

With the amended complaint, plaintiff does not identify any new defendants, but clarifies that he intends to sue defendants in their official and individual capacity.  *See* Am. Compl. at 3, 5-7.  The amended complaint does not include any claims against the following previously identified defendants: Superintendent John Doe and Officer Braden.[2]  *See id.* at 6-7.  The amended complaint includes allegations of wrongdoing at Coxsackie Correctional Facility ("Coxsackie C.F.").  *See generally* Am. Compl.

On April 19, 2024, plaintiff was in Cell #5 on the Northside of the RMU and was "not well."  Am. Compl. at 8.  An officer noticed plaintiff's "condition" and asked if he was alright.

---

[1] The amended complaint includes exhibits.  *See* Am. Compl. at 23-40.  To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[2] The Clerk of the Court is directed to terminate these individuals from the Docket Report.

*Id*. at 10.  Plaintiff responded that he was having difficulty breathing and needed medical assistance.  *Id*.  The officer left to call for assistance.  *Id*.

Approximately 25 to 30 minutes later, defendants Correctional Officers John Doe #1 ("C.O. Doe #1") and John Doe #2 ("C.O. Doe #2") arrived at plaintiff's cell with defendant Sergeant Jane Doe ("Sgt. Jane Doe") to escort plaintiff to the medical unit.  Am. Compl. at 10.  Plaintiff told defendants that he could not breathe and could not walk and needed a "minute."  *Id.*  However, rather than transporting plaintiff via stretcher or wheelchair, the officers directed plaintiff to walk.  *Id.*  While plaintiff had to hold himself up against the wall as his breathing condition worsened when he attempted to walk, he attempted to comply with orders.  *Id*. at 11.  Plaintiff walked while holding onto the wall and breathing slowly.  Am. Compl. at 12.  As he walked, plaintiff felt dizzy and light-headed and kept stopping.  *Id.*  Plaintiff told defendants that he could not breathe while defendants were engaged in humorous conversation and ignored plaintiff.  *Id.*

Ten to fifteen minutes later, the group arrived at the medical unit.  Am. Compl. at 13.  Defendants Nurse Jane Doe #1 ("Nurse Doe #1) and Nurse Jane Doe #2 ("Nurse Doe #2) "engaged" in a conversation with Sgt. Jane Doe and the officers, rather than "attending immediately" to plaintiff's needs.  *Id*.  "Moments later," plaintiff entered the medical room and "collapsed" on the bed without any assistance from Nurse Doe #1 or Nurse Doe #2.  *Id*. at 13-14.  Plaintiff could hear the defendants laughing and stating that plaintiff was "faking it."  *Id*. at 14.

A doctor entered the room and told defendants that plaintiff was "not faking it" and directed defendants to "get him on the breathing machine and get me some Benadryl

immediately." Am. Compl. at 15.  The doctor told defendants that plaintiff was suffering from a panic attack.  *Id.*

After twenty minutes on "the breathing machine," plaintiff's condition began to improve.  Am. Compl. at 15.  The doctor departed and plaintiff was discharged.  *Id.* at 16.

Sgt. Jane Doe, C.O. Doe #1, and C.O. Doe #2 ordered plaintiff to "stand upon on his feet." Am. Compl. at 16.  Plaintiff tried, but fell onto the bed.  *Id.*  Plaintiff asked for a "minute" however, defendants became hostile and "forcefully attempted to grab" plaintiff to stand him up.  *Id.*  Defendants screamed at plaintiff and continued to accuse him of "faking it."  *Id.* at 17.  Plaintiff was "forcefully" placed in a wheelchair with his feet "dragged underneath the wheelchair." Am. Compl. at 18.

Plaintiff was wheeled to the "upstairs medical infirmary."  Am. Compl. at 18.  Sgt. Jane Doe directed C.O. Doe #1 and C.O. Doe #2 to remove the bedframe and "put him on the floor with only the mattress."  *Id.*  Defendants "forcefully" grabbed plaintiff out of the wheelchair and "threw" him onto the mattress on the floor.  *Id.*  "Awhile later," officers came to the infirmary to escort plaintiff to his cell in the housing unit.  *Id.* at 19.

Plaintiff notified the Office of Special Investigation ("OSI") and filed a grievance.  Am. Compl. at 19, 25.  The next day, plaintiff was escorted to the medical department.  *Id.* at 19.  When plaintiff arrived, the doctor who treated him and the "nurses who mistreated" him apologized and explained his condition "in full."  *Id.* at 20-21.

Construing the amended complaint liberally[3], plaintiff asserts Eighth Amendment deliberate medical indifference claims.  *See* Am. Compl. at 22.  Plaintiff seeks compensatory

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich,* 408 F.3d 124, 130 (2d

4

damages and injunctive relief. *See id.* For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the amended complaint.

### C. Analysis

The law related to Eighth Amendment deliberate medical indifference claims was set forth in the November 2024 Order, and will not be restated herein. *See* Dkt. No. 5 at 7-9.

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, plaintiff's Eighth Amendment claims against Sgt. Doe, C.O. Doe #1, C.O. Doe #2, Nurse Doe #1, and Nurse Doe #2 survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion. *See Mahone v. City of New York*, No. 13 CIV. 8014, 2014 WL 1407702, at *5 (S.D.N.Y. Apr. 11, 2014) (allowing the plaintiff to proceed with deliberate indifference claims against corrections officers with allegations that the plaintiff, who suffered from a leg injury, was forced to walk to the "distance equivalent to more than six football fields" without a wheelchair); *see Ramirez v. Tatum*, No. 17 CIV. 7801, 2018 WL 6655600, at *7 (S.D.N.Y. Dec. 19, 2018) (reasoning that the plaintiff's deliberate indifference claims survived review because the plaintiff alleged that he told the defendant he could not walk up the stairs because of his surgery and that he was in extreme pain; yet the defendant forced plaintiff to proceed without a wheelchair).

Despite finding that a response to the complaint is required, there is an impediment to service. The only defendants are Doe defendants, whose identities are not presently known. Under normal circumstances, when a pro se plaintiff includes Doe defendants, together with

---

Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

named defendants, the complaint is served upon the named defendants and the plaintiff pursues discovery to identify the Doe defendants. In this case, however, the only defendants have not been identified by name. To complicate matters, plaintiff is no longer incarcerated at Coxsackie C.F.

In light of the foregoing, the Clerk of Court shall send a copy of the amended complaint and this Decision and Order to the Office of the Attorney General. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d, Cir. 1997) (per curiam), the Court requests that the Attorney General's Office attempt to ascertain the full names of the defendants. The Attorney General's Office is also requested, to the extent that it is able to identify the defendants, to provide the addresses where the defendants can currently be served. The Attorney General need not undertake to defend or indemnify the individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

### III.    CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 11) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall terminate the following individuals from the Docket Report: Superintendent John Doe and Braden; and it is further

**ORDERED** that the Eighth Amendment deliberate medical indifference claims against Sgt. Doe, C.O. Doe #1, C.O. Doe #2, Nurse Doe #1, and Nurse Doe #2 survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that the Office of the Attorney General is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the defendant within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: April 15, 2025
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge