UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────

THOMAS FIELDS,

                                        Plaintiff,                9:24-CV-1292
                                                                  (MAD/DJS)

                    v.

JANE DOE, Sergeant, Coxsackie Correctional
Facility, et al.,

                                        Defendants.

────────────────────────────────

APPEARANCES:                                          OF COUNSEL:

THOMAS FIELDS
Plaintiff, pro se
10-A-2057
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On October 22, 2024, pro se plaintiff Thomas Fields ("plaintiff") filed a complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement

in the custody of the New York State Department of Corrections and Community Supervision

("DOCCS"). Dkt. No. 1 ("Compl.").  With the complaint, plaintiff filed a motion to proceed in

forma pauperis ("IFP"). Dkt. No. 2.

In a Decision and Order filed on November 15, 2024 (the "November 2024 Order"),

the Court granted plaintiff's IFP application and reviewed the complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Dkt. No. 5. The Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.  Plaintiff was advised that, if he failed to submit an amended complaint within thirty (30) days of the filing date of the November 2024 Order, the Court would, without further order, enter judgment dismissing the action without prejudice for failure to state a claim on which relief may be granted pursuant to Sections 1915(e)(2)(B) and 1915A(b)(1).  Id.

On February 11, 2025, after plaintiff failed to contact the Court or comply with the November 2024 Order, judgment was issued.  Dkt. No. 7.

On February 27, 2025, plaintiff provided a Notice of Change of Address indicating he was transferred from Marcy Correctional Facility to Elmira Correctional Facility (Dkt. No. 8) and a letter motion to vacate the November 2024 Order and extend his time to comply with the November 2024 Order (Dkt. No. 9).  In a Decision and Order filed on March 19, 2025 (the "March 2025 Order"), the Court granted plaintiff's motion to vacate and directed plaintiff to respond to the November 2024 Order within sixty days.  Dkt. No. 10.

On March 28, 2025, plaintiff filed an amended complaint.  Dkt. No. 11.  In a Decision and Order filed on April 15, 2025 (the "April 2025 Order"), the Court accepted the amended complaint and found that the Eighth Amendment claims against Sgt. Doe, C.O. Doe #1, C.O. Doe #2, Nurse Doe #1, and Nurse Doe #2 survived review.  Dkt. No. 12.   The Court directed the Clerk to send a copy of the amended complaint and April 2025 Order to the Office of the Attorney General.  Id.  The Court directed the Attorney General to attempt to ascertain the full names of the defendants and to provide the addresses where the defendants could be served.  Id.

On July 22, 2025, the Attorney General's Office provided a response to the April 2025 Order. Dkt. No. 17. The Assistant Attorney General stated that "there were no female sergeants on duty at the time plaintiff was escorted from the RMHU to the medical building." Id. Counsel further asserted, "the undersigned is unable to determine the identity of the correction officers who escorted plaintiff on April 19, 2024." Id. However, after a review of relevant medical records, the Attorney General identified one of the nurses who treated plaintiff as "D. Dawson" and provided an address where Dawson could be served. Id.

In a Decision and Order filed on August 12, 2025 (the "August 2025 Order"), the Court directed plaintiff to file a second amended complaint correctly identifying a Nurse/Doe defendant based upon the information provided by the Attorney General. Dkt. No. 19.

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 20.

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the November 2024 Order and will not be restated in this Decision and Order. *See* Dkt. No. 5 at 2-4.

### B.  Summary of Second Amended Complaint[1]

---

[1] The Court notes that the amended complaint included exhibits (Dkt. No. 11), that plaintiff failed to annex to the second amended complaint. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019, 2013 WL 3753978, at *3 n.2 (N.D.N.Y. July 15, 2013). To require plaintiff to file another amended complaint that includes the original exhibits is "an unnecessary procedural hoop that would waste resources and delay resolution of this action" *Alexander v. United States,* No. 13-CV-678, 2013 WL 4014539, at *4 n.3 (N.D. Cal. Aug. 5, 2013). In light of plaintiff's pro se status, the Court will consider the exhibits and documentation attached to the amended complaint as incorporated by reference in the second amended complaint. *See Alvarado v. Ramineni,* No. 08-CV-1126, 2011 WL 6937477, at *5 n.9 (N.D.N.Y. Dec. 6, 2011).

With the second amended complaint, plaintiff substitutes Nurse D. Dawson ("Dawson") for Nurse Jane Doe #1.[2]  *See* Sec. Am. Compl. at 1.  The allegations in the second amended complaint are substantially similar to the allegations set forth in the amended complaint.

On April 19, 2024, between 3:00 a.m. and 5:00 a.m., plaintiff was in the RMHU and reported to an officer that he could not breath and needed medical assistance.  Sec. Am. Compl. at 5.

Approximately twenty minutes later, defendants Correctional Officers John Doe #1 ("C.O. Doe #1") and John Doe #2 ("C.O. Doe #2") arrived at plaintiff's cell with defendant Sergeant Jane Doe ("Sgt. Jane Doe") to escort plaintiff to the medical unit.  Sec. Am. Compl. at 5.  Plaintiff told defendants that he could not breathe.  *Id.*  Rather than transporting plaintiff via stretcher or wheelchair, the officers directed plaintiff to walk.  *Id.*  Plaintiff "kept stopping and holding onto the wall" and told defendants that he could not walk while defendants "mocked and verbally insulted" plaintiff.  *Id.*

When plaintiff arrived at the medical unit, defendants Dawson and Nurse Jane Doe #2 "engaged" in a conversation with Sgt. Jane Doe and the officers, rather than "attending immediately" to plaintiff's needs.  Sec. Am. Compl. at 6.  A doctor entered the room and treated plaintiff.  *Id.*  When plaintiff's condition improved, the doctor departed.  *Id.*

Sgt. Jane Doe, C.O. Doe #1, and C.O. Doe #2 ordered defendant to "get up."  Sec. Am. Compl. at 7.  Plaintiff tried and almost fell on the floor.  *Id.*  A nurse told plaintiff he was "faking" and directed defendants to send him "upstairs to the medical room."  *Id.*  Plaintiff was "forcefully" placed in a wheelchair with his feet "dragged underneath the wheelchair."  *Id.*

---

[2]  The Clerk of the Court is directed to substitute Dawson for Nurse Jane Doe #1.

Plaintiff was wheeled to the "upstairs medical infirmary."  Am. Compl. at 18.  The officers removed the bedframe and plaintiff was "thrown on the floor on top of a single mattress."  *Id.*

The next morning, plaintiff notified the Office of Special Investigation ("OSI") and filed a grievance.  Sec. Am. Compl. at 7.

On April 21, 2025, plaintiff was escorted to the medical department.  Sec. Am. Compl. at 7.  *Id.*  When plaintiff arrived, the doctor who treated him and the "nurses who mistreated" him apologized and explained his condition "in full."  *Id.* at 8.

Construing the second amended complaint liberally[3], plaintiff asserts Eighth Amendment deliberate medical indifference claims.  *See* Sec. Am. Compl. at 12.  Plaintiff seeks compensatory damages.  *See id.* at 13.  For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the second amended complaint.

**C.  Analysis**

The law related to Eighth Amendment deliberate medical indifference claims was set forth in the November 2024 Order, and will not be restated herein.  *See* Dkt. No. 5 at 7-9.

For the reasons set forth in the April 2025 Order, plaintiff's Eighth Amendment claims against Sgt. Doe, C.O. Doe #1, C.O. Doe #2, Dawson, and Nurse Doe #2 survive sua sponte

---

[3]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

## III.    CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the second amended complaint (Dkt. No. 20) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall substitute Dawson for Nurse Jane Doe #1; and it is further

**ORDERED** that the Eighth Amendment deliberate medical indifference claims against Sgt. Doe, C.O. Doe #1, C.O. Doe #2, Dawson, and Nurse Doe #2 survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with copies of the second amended complaint, to the United States Marshal for service upon the defendant. The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendant, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of the remaining Doe defendants.  Plaintiff's failure to timely serve these defendants will result in dismissal of the claims asserted against him/her and termination of defendant from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  November 17, 2025
        Albany, New York

Mae A. D'Agostino
U.S. District Judge